## WILSON v. CITY OF READING.

(Circuit Court, E. D. Pennsylvania. December 11, 1900.)

### No. 16.

PLEADING—ACTION AGAINST MUNICIPAL CORPORATION—SUFFICIENCY OF DECLARATION.

In an action against a municipal corporation, an allegation in the declaration that a fraudulent oral representation complained of was made by "the defendant" is sufficient, and the plaintiff is not required, either under the common-law rules or the Pennsylvania procedure act of 1887, to set out the name of the agent through whom it was made.

On Demurrer to Declaration.

John G. Johnson, for plaintiff.

Wm. J. Rourke and Richard C. Dale, for defendant.

J. B. McPHERSON, District Judge. Confessedly, this demurrer would not be good against a declaration that is to be judged by the rules of pleading at common law. Under these rules it would be sufficient to charge that "the defendant" committed the act now complained of, although the defendant is a municipal corporation, and the act in question is a fraudulent oral representation. To add, as this declaration does, that the representation was made by "a duly-authorized agent" of the city, would be regarded as a superfluous averment, and no court would require that the agent's name should also be pleaded. It is argued, however, that the Pennsylvania procedure act of 1887 has so far relaxed the common-law rule that the courts should now compel the name of the agent to be inserted in the declaration. I cannot accept this argument as valid. The only language in the act that is now relevant is that the declaration must consist of "a concise statement of the plaintiff's demand," and I do not think that this can fairly be so construed as to require the declaration to contain more than it was required to contain before the act was passed. Certainly, as it seems to me, it does not require, or, indeed, permit, the pleader to set out his evidence.

The demurrer is overruled.